# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

Present:
    MICHAEL H. PARK,
    SARAH A. L. MERRIAM,
        *Circuit Judges.* \*

---

UNITED STATES OF AMERICA,

    *Appellee*,

v.                                             23-7417

BILLY ORTEGA, AKA JASON, AKA SEALED DEFENDANT 1,

    *Defendant-Appellant.*†

---

| | |
|---|---|
| FOR APPELLEE: | MICHAEL HERMAN (Micah Fergenson, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY. |

---

   \* Judge Denny Chin, originally a member of the panel, recused himself from consideration of this appeal. The two remaining members of the panel have determined the matter. *See* 2d Cir. IOP E(b).

   † The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT: B. ALAN SEIDLER, New York, NY.

Appeal from a judgment of the United States District Court for Southern District of New York (Abrams, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On January 30, 2023, a jury found Billy Ortega guilty of: one count of participating in a narcotics- trafficking conspiracy that resulted in death, in violation of 21 U.S.C. § 846; three counts of distributing narcotics that resulted in death, and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2; and one count of using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, the narcotics trafficking conspiracy, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) and 18 U.S.C. § 2. On appeal, Ortega argues that the jury's finding that the drugs he distributed caused the victims' deaths was not supported by sufficient evidence, the district court erred in excluding the testimony of Jonathan DeLaura, and the district court constructively amended the indictment when it instructed the jury that it could convict based on an aiding and abetting theory of liability.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

**I.     Sufficiency of the Evidence**

Ortega argues that his conviction should be reversed because the evidence was insufficient to prove that the drugs he distributed caused the deaths of Julia Ghahramani, Amanda Scher, and Ross Mtangi. "We review de novo challenges to the sufficiency of the evidence." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010). In reviewing such a claim, "we view the evidence

in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *Id.* (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). A jury verdict must be upheld if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The standard of review is "exceedingly deferential," *United States v. Hassan*, 578 F.3d 108, 126 (2d Cir. 2008), and "[a] defendant challenging the sufficiency of the evidence bears a heavy burden," *United States v. Kozeny*, 667 F.3d 122, 139 (2d Cir. 2011).

This Court's deference to the jury is "especially important" in the context of conspiracy convictions because "a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court." *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003) (quoting *United States v. Pitre*, 960 F.2d 1112, 1121 (2d Cir. 1992)). "[A] defendant's knowledge of the conspiracy and his participation in it with criminal intent," for example, "may be established through circumstantial evidence." *United States v. Gordon*, 987 F.2d 902, 906-07 (2d Cir. 1993).

At trial, the government presented ample evidence that Ortega's drugs caused the deaths of Ghahramani, Scher, and Mtangi. Through the testimony of 16 witnesses and the introduction of over 350 exhibits, the government established that all three victims separately ordered cocaine from Ortega on March 17, 2021. *United States v. Ortega*, No. 22-CR-91, 2023 WL 6140929, at *2 (S.D.N.Y. Sept. 20, 2023). Even though Ortega knew that his batch of cocaine was "really strong," he dispatched Kaylen Rainey to deliver the cocaine to the victims in black translucent zipper-lock bags. *Id.* All three victims died shortly after receiving the cocaine. *Id.* They

each had fentanyl in their blood, and their bodies were found near Ortega's black zipper-lock bags. *Id.* Furthermore, the government's expert medical toxicologist testified that "fentanyl overdose was the 'but for' cause of death for Ghahramani, Scher, and Mtangi." *Id.* In short, there was sufficient evidence for a rational trier of fact to conclude that the drugs distributed by Ortega caused the victims' deaths.

## II. DeLaura's Testimony

Ortega contends that the testimony of DeLaura was improperly excluded at trial. "We review a trial court's evidentiary rulings deferentially, and we will reverse only for abuse of discretion," which requires a determination "that the challenged evidentiary rulings were arbitrary and irrational." *United States v. Quinones*, 511 F.3d 289, 307-08 (2d Cir. 2007) (internal quotation marks omitted). An evidentiary error is "harmless if we can conclude with fair assurance that the jury's judgment was not substantially swayed by the error." *United States v. Paulino*, 445 F.3d 211, 219 (2d Cir. 2006) (internal quotation marks omitted). Here, the district court did not abuse its discretion in excluding DeLaura's testimony under Federal Rules of Evidence 608(b), 404(b), and 403.

First, DeLaura's testimony was inadmissible under Rule 608(b). As the district court explained, Ortega "sought to call DeLaura, another inmate at the MDC, to testify exclusively about specific instances of Rainey's alleged criminal activity subsequent to the charged conspiracy . . . to establish a character for untruthfulness." *Ortega*, 2023 WL 6140929, at *12. DeLaura's testimony was properly excluded under Rule 608(b) because it was "extrinsic evidence" offered "to prove specific instances" of Rainey's conduct "in order to attack" his "character for truthfulness." Fed. R. Evid. 608(b). Furthermore, the district court permitted Ortega to cross-

examine Rainey at length about DeLaura's allegations. *See id.* (making clear that a "court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness").

Second, DeLaura's testimony was properly excluded under Rule 404(b). Under Federal Rule of Evidence 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). That evidence, however, may be admissible for a non-propensity purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). At trial, Ortega expressly sought to offer DeLaura's testimony to "prove propensity based on Rainey's purportedly bad character," which is precisely what Rule 404(b) prohibits. *Ortega*, 2023 WL 6140929, at *13. On appeal, Ortega articulates no permissible, non-propensity purpose for admitting the testimony. *See, e.g.*, Appellant's Br. at 22 (arguing that "Rainey's conduct at the MDC is proof of other/similar conduct consistent with selling that fentanyl laced cocaine").

Third, the district court did not abuse its discretion in declining to admit DeLaura's testimony under Rule 403. The district court correctly concluded that the limited probative value of DeLaura's testimony, if any, was "substantially outweighed by a danger of . . . confusing the issues." Fed. R. Evid. 403; *see also Ortega*, 2023 WL 6140929, at *13. "[A]llowing [DeLaura's testimony] would have risked creating a so-called 'trial within a trial,' with the Government then calling rebuttal witnesses to attack DeLaura's testimony about Rainey's post-conspiracy crimes, and so forth." *Ortega*, 2023 WL 6140929, at *13; *see also United States v. Johnson*, 816 F. App'x 604, 610 (2d Cir. 2020) (holding that the district court properly excluded

evidence with "minimal probative value" that was "substantially outweighed by a 'real risk of distraction' and concerns regarding a potential 'trial within a trial'"). The district court's exclusion of DeLaura's testimony was well within the bounds of its discretion.

### III. Constructive Amendment of the Indictment

Ortega argues that the district court constructively amended the indictment against him as to Counts Two, Three, and Four, when it instructed the jury that it could convict based on an aiding and abetting theory of liability. We review a claim of constructive amendment de novo. *United States v. D'Amelio*, 683 F.3d 412, 416 (2d Cir. 2012). "A constructive amendment occurs when the charge upon which the defendant is tried differs significantly from the charge upon which the grand jury voted." *United States v. Dove*, 884 F.3d 138, 146 (2d Cir. 2018). But "[n]ot every alteration of an indictment . . . rises to the level of a constructive amendment." *Id.* To prevail on a constructive amendment claim, a defendant "must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) (internal quotation marks omitted).

The district court did not constructively amend the indictment. "If 18 U.S.C. § 2 is charged in the indictment, the defendant is put on notice that he can be convicted as an aider and abettor." *United States v. Mucciante*, 21 F.3d 1228, 1234 (2d Cir. 1994) (quoting *United States v. Robinson*, 956 F.2d 1388, 1394-95 (7th Cir. 1992)). Ortega was charged in each of Counts Two, Three, and Four of the indictment with a violation of 18 U.S.C. § 2. *See* App'x at 30-32.

Thus, he "can neither claim an amendment to the indictment nor unfair surprise." *Mucciante*, 21 F.3d at 1234 (quoting *Robinson*, 956 F.2d at 1395).

* * *

We have considered the remainder of Ortega's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit